## JEFFERSON COUNTY *v.* FORD *et al.*

Where F., acting as county treasurer for two years before the Code, obtained subsequently a receipt from B., as county judge, in full for *state* and other taxes, the county judge not being authorized to receive the state revenue, or settle for the same ; and where judgment had been rendered against F. and his security for the amount of state tax which had been paid by him to the county judge ; held, that F. could not recover from the county the amount of state revenue paid by him to B., as county judge ; that B. became personally liable to F. ; but as B. acted in reference to the state fund, without authority, such act could neither bind the state nor the county.

A settlement obtained by fraud, or under false entries and computations, is not valid.

*Appeal from Jefferson District Court.*

*Opinion by* HALL, J.   The pleadings in this case present that extraordinary confusion and volubility which a most unbridled system could invite.   Both sides appear to have an object.   The plaintiff to get his hand into the county treasury, and the defendant to keep it out; and both parties appear to have labored under the most bewildering obscurity as to the means by which their object could be attained.

The pleadings appear to present the following points : The plaintiff below was county treasurer of Jefferson county from August, 1849, to August, 1851, when he was succeeded by another person ; that at the time he went out out of office, he had over nine hundred dollars of the state revenue in his hands, which he had not paid over to the state treasurer ; that on the 19th day of September, 1851, he had a final settlement of his accounts as treasurer, with Moses Black, the county judge, which embraced the *state*, county, school, and lot funds, as the same had come to his hands; and upon said settlement he paid *defendant* the state revenue which he had in his hands, which sum was received and accounted for in the name of Moses Black, as county judge, in full for all the state, county, school and lot funds

which had come to his hands.   That defendant failed to pay over the state funds to the proper officers of the state; that the state had sued him, and securities on his bond, and recovered said amount.

To this the defendants demur, and assign many causes for demurrer, which, in effect, amount to the cause allowed by the Code; that by a fair and natural construction, the petition does not show a substantial cause of action.   This demurrer was overruled by the court, and exceptions taken. The defendant then answers, and denies every allegation in the petition, and avers that Ford and his sureties have not paid the judgment recovered by the state ; that they have appealed it to the supreme court where the suit is pending ; that there were mistakes in the settlement with the county judge; that Ford was allowed for some items, amounting to nine hundred dollars, which had previously been allowed him by the county commissioners ; that some items for lots were withheld, and not settled, amounting in all to three hundred dollars, and defendant's claim an off-set, &c. The amended answer sets up fraud in the settlement, and that Ford, by false representation, imposed upon the county judge, and induced him to assume to act as agent for the state; that he turned out county orders; that he decieved the judge by false entries, concealing facts, false additions, estimates and exhibits ; and in this manner the whole settlement was a fraud, and that there was no money in fact paid to the judge; that in fact and truth, Ford was still largely indebted to the county for sums of money not accounted for, and for sums allowed in the settlement by the frauds of the plaintiff.   The plaintiff demurred to these answers.   The demurrer was sustained by the court, and judgment rendered for plaintiff for $760 03.   The defefendant excepts and assigns for error, the overruling of defendant's demurrer to plaintiff's petition, and the sustaining of plaintiff's demurrer to defendant's answer.

The act of the legislature of February 25th, 1847, regu-

lated and fixed the duties of county treasurers, until the first day of July, 1851, when the Code took effect, and which have not been changed by the Code. By this act, a separate tax was levied for state purposes, which it was made the duty of the treasurer to collect and pay over to the state treasurer. He was required to make due return of all moneys collected by him, together with his county and state tax list, to the board of county commissioners, on the first Monday of January, in each year—§ 39,—and to pay into the state treasury the amount of moneys collected by him, on or before the 15th day of February, in each year, —§ 60. The clerk of the board of commissioners, was required to certify to the auditor of state, the amount belonging to the state treasury. The assessment was to be returned to the auditor of state, and the treasurer of each county was to be charged with the amount of state tax according to this copy of the assessment returned to the auditor, and the treasurer could only be released from the obligation of his bond, when the whole amount due the state was paid in or satisfactorily accounted for,—§ 58. Under this act, the state and county revenue is kept entirely separate. The county treasurer dealt entirely and exclusively with the county commissioners, in all matters pertaining to the county revenue, and with the treasurer, and auditor of state, in those pertaining to the state revenue. This court decided in the case of *Ford et al.* v. *The Board of Commissioners of Jefferson County*, at the last term; [a] that nothing would release the treasurer from his bond for the state revenue, but a payment to the treasurer of state, of the amount due on the tax list, or a satisfactory accounting for the non-payment, and that a paying over to his successor in office, or to the county judge, was not a satisfactory accounting for the non-payment to the state treasurer. It follows then, that if Ford did account with the county

(a.) See *Ford et al* v. *Jefferson county, Ante.* 273.

Jefferson County *v.* Ford.

judge, they were both acting beyond their legal duties and powers, and could not bind the county or the state. In such acts they cease to be officers, and their doings relate to, and bind them as persons, and nothing more. There is a total want of power in either, to make the settlement for or fix the rights of the state or liabilities of the county. Then the county of Jefferson, through her authorized officers, never settled with Ford, never received anything from him and is liable to him for nothing.

A county is strictly a political corporation, a grant of power to a designated portion of the people, to aid and arrange the machinery of government, for the whole state. It is not designed for pecuniary profit, nor has it any powers but such as pertain to its strict municipal and public character.

The county treasury, could not become the depositee of any funds, but those that the law brings to it. The officers of the county cannot involve the corporation, by unauthorized contracts, nor bind the county by extra-ministerial settlement, and the old maxim "*that he who trusts must pay,*" will apply in this case to Mr. Ford, with as much force as it did in the case from whence the maxim originated.

But it is said that it was a mistake, both parties were mistaken, and the county have obtained the money of Ford, and justice requires that it should be repaid to him.

The answer is that mistakes never give power; never create authority; never bind the principle when made by an agent. The mistake in this case, goes to the power; in the officer to act at all, and did not arise in the discharge of a duty, computation or settlement, which the officer had any right or power either to begin or conclude. There is no link or thread by which the act complained of can be connected with the authority to do it. Certainly the county of Jefferson, was not mistaken, for she was not a party to the transaction, she was not there by her legal authorized agent or officer. She was legally incapable of being a party to such a mistake.

Every attribute, duty, liability and obligation of the corporation of a county, is fixed and defined by law. She is strictly and technically a creature of law, and by law, are her duties and obligations alone manifested and her liabilities established.

If Mr. Ford has suffered on this transaction, his recourse must be, if he has any, upon Mr. Black, or the person who was in fault. If there has been any mistake it is between those persons who made the mistake.

This view of the case makes it unnecessary to discuss the question arising upon the judgment of the court, sustaining the demurrer to defendant's answer. This, we think, was equally erroneous with the other. A settlement obtained by fraud, false entries and false computation ; presenting claims previously allowed, we think was no settlement at all, and the balance found due could not be enforced.

Judgment reversed.

*Knapp* and *Clinton*, for appellant.

*Slagle*, *Acheson*, and *C. Negus*, for appellee.